# UNITED STATES DISTRICT COURT

for the

District of Minnesota

___St. Paul_______ Division

RECEIVED
BY MAIL
AUG 19 2026
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

John Doe

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

Jennifer L. Frisch,
in her official capacity as
Chief Judge of the Minnesota Court of Appeals

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 26-cv-3677 MJD/DLM
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☑ No

## COMPLAINT FOR A CIVIL CASE

SCANNED
AUG 19 2026
U.S. DISTRICT COURT ST. PAUL

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | John Doe |
| Street Address | Filed Under Seal (See Confidential Exhibit A) |
| City and County | Filed Under Seal (See Confidential Exhibit A) |
| State and Zip Code | Filed Under Seal (See Confidential Exhibit A) |
| Telephone Number | |
| E-mail Address | Filed Under Seal (See Confidential Exhibit A) |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Jennifer L. Frisch |
| Job or Title *(if known)* | Chief Judge of the MN Court of Appeals (Off. Cap.) |
| Street Address | 25 Reverend Dr. Martin Luther King Jr. Blvd |
| City and County | St. Paul Ramsey |
| State and Zip Code | Minnesota 55155 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

First Amendment to the United States Constitution
Fourteenth Amendment to the United States Constitution
42 U.S.C. § 1983

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ____________________, is a citizen of the State of *(name)* ____________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ____________________, is incorporated under the laws of the State of *(name)* ____________________, and has its principal place of business in the State of *(name)* ____________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ____________________, is a citizen of the State of *(name)* ____________________. Or is a citizen of *(foreign nation)* ____________________.

b. If the defendant is a corporation

The defendant, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________. Or is incorporated under the laws of *(foreign nation)* ______________________, and has its principal place of business in *(name)* ______________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached document Statement of Claim, incorporated herein by reference.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached document: Section III - Statement of Claim, Paragraph 13 (Remedy Sought).

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: August 17, 2026

Signature of Plaintiff John Doe

Printed Name of Plaintiff John Doe

### B. For Attorneys

Date of signing: ______________

Signature of Attorney ______________

Printed Name of Attorney ______________

Bar Number ______________

Name of Law Firm ______________

Street Address ______________

State and Zip Code ______________

Telephone Number ______________

E-mail Address ______________



Print Save As... Add Attachment Reset

# Section III - Statement of Claim

### 1. Jurisdiction and Constitutional Framework

This action is brought pursuant to 42 U.S.C. § 1983 to redress the ongoing deprivation under color of state law of rights secured by the First and 14th Amendments of the United States Constitution.

### 2. The Underlying Procedural Violation

The Plaintiff sought to exercise explicit procedural rights established by the Minnesota Supreme Court under the plain-text language of Minnesota Rule of Civil Procedure 24.01 (Intervention as a Matter of Right) and Minnesota Rules of Public Access to Records of the Judicial Branch, Rule 4 (Presumption of Openness). The Plaintiff sought to intervene as an interested person to access mandatory written legal findings and justifications.

### 3. The Unconstitutional Act by Defendants

On December 7, 2020, the Defendants—acting in their capacity as judges of the Minnesota Court of Appeals—issued a decision in Case No. A20-XXXX willfully ignoring the clear, unambiguous, plain-text language of the Supreme Court's governing rules and state statutes. The Defendants instead fabricated an extra-legal standard to deny the Plaintiff's right to intervene and access the record.

### 4. Exhaustion of State Court Remedies

On February 24, 2021, the Minnesota Supreme Court denied review, officially exhausting all state-court relief avenues.

### 5. Long-Term Evidence of a Systemic Circular Trap

The Defendants' targeting of the Plaintiff spans nearly a decade, demonstrating a systemic pattern of shifting procedural barriers, denying the Plaintiff equal protection under the law. In an order dated April 30, 2019 (Minnesota Court of Appeals Case No. A19-XXXX), the appellate panel weaponized a contested July 2014 "frivolous litigant" order to justify an automatic dismissal.

The panel did so despite the fact that the 2014 restriction was legally confined to a separate public proceeding and was entirely inapplicable to the independent record-access proceedings initiated by the Plaintiff in October 2018 regarding a 2015 file. To secure this dismissal, the Minnesota Attorney General's Office filed a supportive memorandum on April 19, 2019, that actively fabricated judicial history, falsely asserting that a 2014 court order held the Plaintiff to be a danger to a vulnerable adult, despite the absolute absence of any such judicial finding or evidentiary hearing. The falsity of the Attorney General's claim is conclusively established by the record, which contains zero judicial No-Contact orders or visitation restrictions—meaning the court never adjudicated the Plaintiff as a threat or danger. When the Plaintiff's counsel formally requested the statutory reasons for the record-blocking pursuant to Rule 7, the State Court Administrator refused to provide any lawful rule-based justification, offering instead a circular, bad-faith deflection to the effect that the file was inaccessible simply because it had been sealed.

Following these coordinated administrative fabrications and deliberate lower-court delays that stalled a ruling until early 2019, the appellate panel unlawfully expanded that localized, defunct 2014 past-case condition into a blanket, permanent bar against independent file-access appeals without a lawful hearing.

Furthermore, the 2019 panel explicitly ruled that a nonparty challenging a sealed record ***"must move to intervene under Minn. R. Civ. P. 24.01"*** pursuant to *Minneapolis Star & Tribune Co. v. Schumacher*. When the Plaintiff subsequently complied with this exact judicial mandate by filing a formal motion to intervene alongside a licensed member of the Minnesota Bar, the subsequent appellate panel flipped its legal requirements entirely. The panel manufactured a completely false "unauthorized practice of law" narrative to penalize the Plaintiff for executing the precise legal remedy the 2019 court stated was mandatory. This stark contradiction establishes a clear, multi-year pattern

under Federal Rule of Evidence 404(b) where the rules of the court are arbitrarily rewritten and old restrictions are over-extended solely to maintain an unconstitutional barrier against one specific individual.

### 6. The Attorney General's Deception

The Attorney General's Office possessed immediate, cost-free access to the transcript of the March 2014 hearing. To prevent this exculpatory record from becoming available to the public, the state's legal representatives deliberately avoided requesting the transcript and instead presented knowingly false, fabricated claims to the Court of Appeals, falsely asserting a judicial 'danger' finding against the Plaintiff.

### 7. Court of Appeals Animus

The Court of Appeals actively accepted and relied upon these fabricated, unverified assertions without performing internal database verification or basic fact-checking. This total abandonment of standard judicial protocol, combined with the court's subsequent 'unauthorized practice of law' barrier to dismiss the Plaintiff's rule-based filings, demonstrates clear, independent institutional animus and a targeted campaign denying the Plaintiff equal protection.

### 8. Prior History of Targeted Procedural Evasion

The Defendants' fabricated unauthorized practice of law accusation is the culmination of a targeted course of conduct designed to shield lower-court record-blocking mechanisms from federal and public review. Following the 2019 mandate, in a prior related action involving the same underlying state files (Minnesota Court of Appeals Case No. A21-XXXX), the Plaintiff, through legal counsel, explicitly raised a constitutional Due Process challenge regarding the lower court's extra-legal sealing of public records without mandatory written findings.

In its April 27, 2022 order opinion, the appellate panel refused its mandatory

review of the record. Instead, the panel utilized an insulting procedural deflection—asserting that it was not the court's role to root around *"like pigs, hunting for truffles buried in briefs"*—to label the constitutional challenge raised by Plaintiff's counsel as "vague" and avoid exposing the lack of any verified, publicly accessible sealing order containing the mandatory written findings required by law." This prior action establishes a clear, documented pattern under Federal Rule of Evidence 404(b) where the Defendants repeatedly deploy unique, non-statutory, and bad-faith procedural evasions specifically to protect unauthorized record-blocking operations from lawful scrutiny.

### 9. The "Unpublished" Loophole and Result-Oriented Judging

The Defendants explicitly designated their decision as an "unpublished" and "non-precedential" opinion. By doing so, the Defendants openly admitted that the legal logic utilized to defeat the Plaintiff's claim cannot and will not be applied to any other citizen or case within the jurisdiction. The use of the unpublished shield constitutes an arbitrary exercise of raw judicial power.

### 10. The Target Selection and Lack of Rational Basis

Plaintiff alleges upon information and belief that the severe, unwritten, and text-defying procedural mechanisms deployed against the Plaintiff are unique to this case, have not been deployed against similarly situated citizens, and constitute a deliberate, bad-faith 'class of one' targeting of the Plaintiff by the Defendant.

### 11. Creation of an Unconstitutional Circular Trap

The Defendants' use of a non-precedential, case-specific ruling has created a closed, circular loop within the state judiciary. Because the appellate court has established this one-off decision, any future motion filed by the Plaintiff under Rule 24 or Rule 4 is subject to an automatic, predetermined denial based entirely on this unconstitutional custom. The state court system offers no internal procedural mechanism to break this loop.

**12. The Independent Federal Injury**

By creating and permanently enforcing a hyper-specific, one-off legal standard that applies strictly to the Plaintiff alone—while simultaneously acknowledging that the plain text of the rules applies normally to the rest of the public—the Defendants have violated the 14th Amendment's Equal Protection Clause under a "class of one" framework. Furthermore, by using this mechanism to permanently block the Plaintiff from accessing public records and testing their rights in court, the Defendants have systemically denied the Plaintiff procedural Due Process and the fundamental right of Access to the Courts.

**13. Remedy Sought**

Plaintiff requests a declaration that Defendant's ongoing custom of using text-defying procedural barriers to block record-access appeals violates the 14th Amendment. Plaintif requests an injunction prohibiting the further use of this mechanism against the Plaintiff, and any further relief that this Court deems just and proper.