**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ARLEN BRITTON, Civil File No. 26-CV-3677 (MJD/DLM)

Plaintiff,

v. **ORDER**

JENNIFER L. FRISCH, in her official capacity as Chief Judge of the Minnesota Court of Appeals,

Defendants.

---

For over ten years, Plaintiff Arlen Britton has unsuccessfully attempted to intervene in the guardianship matter of a vulnerable adult with whom he briefly lived in 2013. See In re Guardianship of Yankowiak, No. A20-0329, 2020 WL 7134472, at *2 (Minn. Ct. App. Dec. 7, 2020); Grass v. Britton, No. A21-0897, 2022 WL 1298161, at *1 (Minn. Ct. App. Apr. 27, 2022) (affirming the district court's harassment restraining order ("HRO") against Britton obtained by Yankowiak's guardian). In July 2014, the district court denied Britton's request to be designated as an "interested person" in the guardianship matter. The district court found that

> Britton's conduct appeared to be inconsistent with Yankowiak's best interest. The court further found Britton to be a "frivolous litigator," ordered that he was not entitled to notice of future proceedings, and prohibited him from filing any motions or objections or "seeking any further relief" within the guardianship matter without prior court approval.

In re Yankowiak, 2020 WL 7134472, at *2. Britton did not appeal the district court's order, and the district court sealed the case file for the guardianship matter in 2015. Id. at *2.

Britton's battle had only just begun. In October 2018, Britton moved for access to the sealed files without prior approval from the court. The district court denied his request, and the Minnesota Court of Appeals dismissed Britton's appeal because the district court order was not an appealable order. In Re Yankowiak, 2020 WL 7134472, at *2 (citing In re Guardianship of Yankowiak, No. A19-0535 (Minn. Ct. App. Apr. 30, 2019)).

In July 2019, Britton moved to intervene as a matter of right, or, alternatively, for permissive intervention in the guardianship of Yankowiak and asserted he had a right to know why the underlying file was sealed. In Re Guardianship, 2020 WL 7134472, at *2. The Minnesota Court of Appeals affirmed the district court's denial of Britton's motion to intervene and held that

Britton was not entitled to an explanation beyond that the records were sealed by court order. Id. at *3-6.

Britton then continued to engage in conduct that the Minnesota Court of Appeals later found to be "intrusive, unwanted, and either had or was intended to have a substantial adverse effect on [the] safety, security, or privacy" of Yankowiak. See Grass, 2022 WL 1298161, at *1. Yankowiak's guardian sought and obtained an HRO against Britton. Britton appealed the HRO on various grounds, including that his due-process rights had been violated by denying him access to the sealed documents, but the Minnesota Court of Appeals rejected each of his arguments. Id.

Finally, we arrive at this lawsuit. Britton's complaint alleges that throughout the litigation described above, the Minnesota Court of Appeals has issued rulings that starkly departed from the law and violated his First and Fourteenth Amendment rights. Britton alleges the Court of Appeals has a specific animus against him, which manifested in the "total abandonment of judicial protocol" and an "unauthorized practice of law" in his appeals. See Complaint at 6-8 [Docket No. 1]. He cites the designation of the opinions in his cases as "unpublished" and "nonprecedential" as evidence that he was treated differently

than other litigants. Id. at 9-10. Britton seeks redress pursuant to 42 U.S.C. § 1983 and asks this Court to declare that the Minnesota Court of Appeals' "custom of using text-defying procedural barriers to block record-access appeals violates the 14th Amendment" and to issue an injunction to the Minnesota Court of Appeals to prevent them from using these barriers against him. Id. at 10.

Along with his complaint, Britton has filed two motions in this matter: (1) a motion to proceed under a pseudonym [Docket No. 4], and (2) an application to proceed in forma pauperis ("IFP") [Docket No. 3]. The Court will start with the motion to proceed under a pseudonym.

The public has a "First Amendment interest in public proceedings" and a "common law right of access thereto." Cajune v. Indep. Sch. Dist. 194, 105 F.4th 1070, 1076 (8th Cir. 2024). As a general matter, the Federal Rules of Civil Procedure do not allow the use of pseudonyms by plaintiffs and instead require that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). That said, the United States Court of Appeals for the Eight Circuit has held that "a party may proceed under a fictitious name," but "only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." Cajune, 105 F.4th at 1077. The factors considered in

making this determination are case dependent and include "(1) the party seeking anonymity was challenging government activity; (2) identification threatened to reveal information of a sensitive and highly personal nature; and (3) a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution." Id. Factors weighing against permitting a pseudonym include "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant, whether the public's interest in the case is furthered by requiring that the litigants disclose their identities, and whether there exist alternative mechanisms that could protect the confidentiality of the litigants." Id. (internal citations omitted).

Britton argues that he must mask his own name in this litigation because "automated internet search tools and medial scraping will instantly link the Plaintiff's true identity to the state's public appellate logs." Docket No. 4 at 1. According to Britton, "[t]his data trail would completely unmask the identity of the confidential nonparty, shattering the state court's sealing protections and exposing an innocent vulnerable adult to severe, unwarranted public disclosure and privacy invasion." Id. Britton's arguments are unpersuasive. There is no risk that using Britton's real name will "reveal information of a sensitive and

highly personal nature" for him or the vulnerable adult that is not already a matter of public record (as evinced by the state-court orders and opinions cited above). Britton's claims concern only legal analysis in court opinions and orders. The contents of these documents, including the name of the vulnerable adult, are unsealed and are a matter of public record. Moreover, the resolution of this case does not require analysis of the underlying guardianship dispute or discussion of the contents of the sealed records. The Court cannot see any privacy interests served by maintaining Britton's anonymity, much less privacy interests sufficient to outweigh the presumption of openness in judicial proceedings. The motion to proceed under a pseudonym is therefore denied.

This leaves Britton's IFP application. Britton qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). On review, all fact allegations must be accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). The fact allegations need not be detailed, but they must state a plausible claim without being

speculative. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Legal conclusions that are couched as factual may be disregarded. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Britton is suing one defendant in this matter: the Chief Judge of the Minnesota Court of Appeals, named solely in her official capacity. The basis for Britton's claims is that he does not believe that the Minnesota courts have adjudicated his claims correctly—or, to put it in his terms, the Minnesota Court of Appeals has an "ongoing custom of using text-defying procedural barriers" that have impeded his continual efforts to gain access to the sealed records in the matter of the vulnerable adult. Complaint at 10. Britton asks that the Court declare this "ongoing custom" to be unlawful and provide "any further relief that this Court deems just and proper." Id.

A litigant may not, as a general matter, sue a judge for actions taken in a judicial capacity. See Mireles v. Waco, 502 U.S. 9, 10-12 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Claims for retrospective non-monetary relief are foreclosed by judicial immunity to the same degree as claims

for monetary damages. See Justice Network Inc. v. Craighead County, 931 F.3d 753, 764 (8th Cir. 2019). To the extent that Britton would like the Court to declare any of the prior decisions of the Minnesota Court of Appeals to have been unlawful, a lawsuit against the Chief Judge of the Minnesota Court of Appeals is not an appropriate vehicle for procuring that relief.

Then again, no other procedural vehicle likely would have worked, either. "[O]nly the United States Supreme Court has been given jurisdiction to review a state-court decision,' so federal district courts generally lack subject-matter jurisdiction over 'attempted appeals from a state-court judgment.'" Friends of Lake View Sch. Dist. No. 25 v. Beebe, 578 F.3d 753, 758 (8th Cir. 2009) (quoting 18B Charles A. Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 4469.1, at 97, 101 (2d ed. 2002)). Britton attempts to dress up his claims as something else, but what he is seeking at bottom is a declaration that the Minnesota Court of Appeals got things wrong in the earlier cases. But federal district courts do not—indeed, cannot—conduct appellate review of state court decisions. See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983).

Accordingly, this matter will be dismissed without prejudice and Britton's IFP application denied.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Arlen Britton's complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Britton's application to proceed in forma pauperis [Docket No. 3] is **DENIED AS MOOT**.

3. Britton's motion to proceed under a pseudonym [Docket No. 4] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 28, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court